# In the United States District Court
# for the Southern District of Georgia
# Dublin Division

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 4:28 pm, Mar 23, 2017

MARYLAND CASUALTY COMPANY and
FOREMOST SIGNATURE INSURANCE
COMPANY,

    Plaintiffs,

    v.

DUBLIN EYE ASSOCIATES, P.C.,
DR. ROGER D. SMITH
and DR. JAMES Y. JONES,

    Defendants.

CV 315-81

## ORDER

Pending before the Court is Plaintiffs' Maryland Casualty Company ("MCC") and Foremost Signature Insurance Company's ("Foremost") (collectively "Plaintiffs") Motion for Partial Summary Judgment (Dkt. No. 27) and Defendant Dr. James Y. Jones' ("Defendant") Partial Motion for Summary Judgment (Dkt. No. 29).

For the reasons set forth below, both motions are **DENIED**.

## FACTUAL BACKGROUND

Many of facts of this case are not in dispute. On April 13, 2011, Defendant and two other parties filed an Employee Retirement Income Security Act ("ERISA") lawsuit against Massachusetts Mutual Life Insurance ("Mass. Life") in the

Eastern District of Kentucky. (Dkt. No. 1 ¶ 13). The Eastern District of Kentucky ultimately granted summary judgment in Mass. Life's favor on July 12, 2013. Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co., 957 F. Supp. 2d 843 (E.D. Ky. 2013). On August 12, 2013, Mass. Life filed a claim for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). On March 24, 2014, Mass. Life's motion for attorney's fees was granted. Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co., 2014 WL 1217664, No. 5:11-cv-128 (E.D. Ky., Mar. 24, 2014). Defendant and his co-plaintiffs in the underlying lawsuit were ordered to pay $1,191,799.99 in attorney's fees. Dkt. No. 1 ¶ 22. On May 4, 2015, Plaintiffs were notified of the judgment and the award of attorney's fees.

At the time of the award of attorney's fees, MCC insured Defendant with the following policy (the "Policy"):

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

(Dkt. No. 1 ¶ 28).

Further, the Policy defined a "personal and advertising injury" arising out of the offense of "malicious prosecution"

(as well as a number of other offenses not at issue in this case). Plaintiffs and Defendant now each seek summary judgment regarding the coverage under the Policy.

**LEGAL STANDARD**

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The nonmovant may satisfy this burden in two ways: First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged

3

evidentiary deficiency." Id. at 1117. Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). When, as here, the parties have filed cross-motions for summary judgment, the applicable Rule 56 standard is not affected. See Gerling Glob. Reinsurance Corp. of Am. v. Gallagher, 267 F.3d 1228, 1233-34 (11th Cir. 2001). "[T]he facts are viewed in the light most favorable to the non-moving party on each motion." Chavez v. Mercantil Commercebank, N.A., 701 F.3d 896, 899 (11th Cir. 2012).

**DISCUSSION**

Both Plaintiffs and Defendant petition the Court to answer the same question: whether the facts from the underlying lawsuit could be said to support an "obligation to pay damages for malicious prosecution" under the policy. Dkt. No. 27-1 p. 6; Dkt. No. 29; Dkt. No. 29-1 pp. 1-5. Specifically, Defendant claims that the facts surrounding the underlying lawsuit were such that the grant of attorney's fees was the equivalent to a malicious prosecution action. Dkt. No. 29-1 p. 7. Plaintiffs urge the opposite conclusion. The parties agree that Georgia contract interpretation laws apply to the Policy and Kentucky

AO 72A
(Rev. 8/82)

law governs what constitutes malicious prosecution. Dkt. No. 29 pp. 6-7; Dkt. No. 33 pp. 1-2.

A policy which covers "malicious prosecution" indemnifies only claims that meet the elements of the state law definition of that action. Atlanta Mut. Ins. Co. v. Atlanta Datacom, Inc., 139 F.3d 1344, 1345-46 (11th Cir. 1998). The Atlanta Datacom defendant made a similar argument as Defendant in this case, under an identical policy. The Atlanta Datacom defendant argued that "malicious prosecution" includes improper commencement of civil as well as criminal prosecution. Id. The Eleventh Circuit rejected this argument, holding that Georgia law confines "malicious prosecution" to the improper pursuit of criminal actions, not civil ones. Id.

The Court deals with a similar situation in this case, with important differences. To begin with, the Court considers Kentucky, rather than Georgia law. Velten v. Regis B. Lippert Intercat, Inc., 985 F.2d 1515, 1521 (11th Cir. 1993). Further, unlike Georgia, Kentucky *does* provide a cause of action for both criminal and civil malicious prosecution. Martin v. O'Daniel, ___ S.W.3d ___, ___, 2014-SC-000394-DG, 2016 WL 5244518 (Ky. Sept. 22, 2016).

Since the tort of malicious prosecution is disfavored in the law, a plaintiff must strictly comply with the elements of the tort. Davidson v. Castner-Knott Dry Goods Co., 202 S.W.3d

AO 72A
(Rev. 8/82)

597, 602 (Ky. Ct. App. 2006). To be successful on a malicious prosecution claim, a plaintiff must establish that:

> [1] the defendant initiated, continued, or procured a . . . civil proceeding . . . against the plaintiff; [2] the defendant acted without probable cause; [3] the defendant acted with malice, which . . . in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based; [4] the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and [5] the plaintiff suffered damages as a result of the proceeding.

Martin, 2016 WL 5244518, at *8.

The Court considers each element in turn. As to the first element, it is undisputed that Defendant was one of the parties that initiated the underlying lawsuit. Plaintiffs argue that one needs to have been a "defendant" in the underlying lawsuit in order to satisfy the first element of a malicious prosecution action. Dkt. No. 46 p. 5. Not so. The Martin decision itself shows that "defendant" means one who brought the underlying action, not that such a party needed to be a defendant in that underlying action. See generally Martin, 2016 WL 5244518. To find otherwise would mean that a party would need to be sued for malicious prosecution as a defendant before they could sue for malicious prosecution as a plaintiff.

The second element requires consideration of whether the underlying lawsuit was brought in the absence of probable cause. Id. at *7-8. Kentucky courts have noted the difficulty of

597, 602 (Ky. Ct. App. 2006). To be successful on a malicious prosecution claim, a plaintiff must establish that:

> [1] the defendant initiated, continued, or procured a . . . civil proceeding . . . against the plaintiff; [2] the defendant acted without probable cause; [3] the defendant acted with malice, which . . . in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based; [4] the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and [5] the plaintiff suffered damages as a result of the proceeding.

Martin, 2016 WL 5244518, at *8.

The Court considers each element in turn. As to the first element, it is undisputed that Defendant was one of the parties that initiated the underlying lawsuit. Plaintiffs argue that one needs to have been a "defendant" in the underlying lawsuit in order to satisfy the first element of a malicious prosecution action. Dkt. No. 46 p. 5. Not so. The Martin decision itself shows that "defendant" means one who brought the underlying action, not that such a party needed to be a defendant in that underlying action. See generally Martin, 2016 WL 5244518. To find otherwise would mean that a party would need to be sued for malicious prosecution as a defendant before they could sue for malicious prosecution as a plaintiff.

The second element requires consideration of whether the underlying lawsuit was brought in the absence of probable cause. Id. at *7-8. Kentucky courts have noted the difficulty of

applying the second element of malicious prosecution in a civil case, as probable cause is a standard borrowed from criminal law. Prewitt v. Sexton, 777 S.W.2d 891, 894 (Ky. 1989). The Supreme Court of Kentucky has defined probable cause in the civil context as a reasonable belief based in "the existence of the facts upon which the claim is based, and . . . that under those facts the claim may be valid under the applicable law." Id. Furthermore, the determination of whether the action was brought with probable cause is a question for the Court rather than the jury. Id. at 895.

Here, Defendant's actions in the underlying lawsuit indicate that the action was brought without any basis in law or fact in which Defendant could have reasonably believed he was entitled to relief. As the court in the Eastern District of Kentucky found, the Defendant knew or should have known of the facts needed to bring his suit decades before it was actually brought. Dublin Eye, 2014 WL 1217664, at *5. Defendant was told that his claim was barred by the statute of limitations, yet he brought the suit anyway. Id. As such, Defendant brought the underlying lawsuit without probable cause.

As to the third element, malice, the Court must find that Defendant brought or continued litigating the underlying lawsuit for a purpose other than the proper adjudication of his claim. Martin, 2016 WL 5244518, at *8. This third element focuses on

AO 72A
(Rev. 8/82)

7

Defendant's motivation in bringing and continuing the suit. There is a factual dispute as to whether Defendant acted with malice. This issue of fact must be decided by the factfinder. Id. at *3. As such, there exists a genuine issue of fact regarding the third element that precludes summary judgment in favor of either party.

Regarding the fourth element, the Court finds that the underlying action was terminated in favor of Mass. Life. Plaintiff argues that the underlying judgment was not a "judgment on the merits." Dkt. No. 46 p. 6. However, the underlying judgment in fact did rule "on the merits" in a section aptly titled "Success On the Merits." Therefore, the Court finds that Defendant satisfies this element.

Finally, the Court finds there is no dispute regarding the final element, that Mass. Life must have suffered damages as a result of the underlying lawsuit. The suit itself is brought to recover the "damages" that Mass. Life suffered in the underlying lawsuit and which Defendant claims his policy now covers. Defendant meets this element as well.

While there is no genuine issue of fact as to four of the five elements of malicious prosecution, there is such an issue as to malice. Therefore, both summary judgment motions will be denied.

## CONCLUSION

For the reasons stated above, Plaintiffs' Maryland Casualty Company and Foremost Signature Insurance Company's Partial Motion for Summary Judgment (Dkt. No. 27) and Defendant Dr. James Y. Jones' Partial Motion for Summary Judgment (Dkt. No. 29) are both **DENIED**.

**SO ORDERED**, this 23rd day of March, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA