# In the United States District Court
# for the Southern District of Georgia
# Dublin Division

MARYLAND CASUALTY COMPANY and
FOREMOST SIGNATURE INSURANCE
COMPANY,

    Plaintiffs,

v.

DUBLIN EYE ASSOCIATES, P.C.;
DR. ROGER D. SMITH;
and DR. JAMES Y. JONES;

    Defendants.

CV 315-81

## ORDER

Pending before the Court is Plaintiffs' Maryland Casualty Company ("MCC") and Foremost Signature Insurance Company's ("Foremost") (collectively "Plaintiffs") Motion for Reconsideration (Dkt. No. 55). For the reasons stated below, Plaintiffs' motion is **DENIED**.

### FACTUAL BACKGROUND

Many of the facts of this case are not in dispute. On April 13, 2011, Defendant Jones and two other parties filed an Employee Retirement Income Security Act ("ERISA") lawsuit against Massachusetts Mutual Life Insurance Company ("Mass. Life") in the U.S. District Court for the Eastern District of

Kentucky. (Dkt. No. 1 ¶ 13). That court ultimately granted summary judgment in Mass. Life's favor on July 12, 2013. Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co., 957 F. Supp. 2d 843 (E.D. Ky. 2013). On August 12, 2013, Mass. Life filed a claim for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). On March 24, 2014, the motion was granted. Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co., No. 5:11-cv-128, 2014 WL 1217664 (E.D. Ky. Mar. 24, 2014). Defendant and his co-plaintiffs in the underlying lawsuit were ordered to pay $1,191,799.99. Dkt. No. 1 ¶ 22. On May 4, 2015, Plaintiffs were notified of the judgment and the award of attorney's fees.

At the time, MCC insured Defendant with the following policy ("Policy"):

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

(Dkt. No. 1 ¶ 28).

Further, the Policy covered a "personal and advertising injury" arising out of "malicious prosecution" (as well as a number of other offenses not at issue in this case).

AO 72A
(Rev. 8/82)

2

## LEGAL STANDARD

A party may seek to alter or amend a judgment in a civil case within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Reconsideration is an extraordinary remedy which should be used sparingly. Bostic v. Astrue, No. 1:12-CV-082, 2012 WL 3113942, at *1 (S.D. Ga. July 31, 2012). A Rule 59(e) motion may not be used to re-litigate old matters, raise new arguments or present new evidence that could have been raised prior to the entry of judgment, as "the only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Bostic, 2012 WL 3113942, at *1 (quoting Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

## DISCUSSION

Plaintiffs have failed to demonstrate newly discovered evidence or manifest errors of law or fact that would justify reconsideration. Plaintiffs restyle arguments previously considered and raise new arguments that could have been made before dismissal of their claims. Neither form of argument is appropriate on a motion to alter, amend, or vacate. Id. at *1.

Primarily, Plaintiffs point to arguments that were already considered on their motion for summary judgment, which Plaintiffs assume the Court misunderstood or ignored. This is not so. Plaintiffs assert that the Court did not address their primary argument-that the elements of a motion for attorney's fees under 29 U.S.C. § 1132(g)(1) need to be comparable to an action for malicious prosecution under Kentucky law in order for Defendant to survive summary judgment. Dkt. No. 55-1.

The Court only considers whether the facts from the underlying case could have also sustained a malicious prosecution under Kentucky law—not whether the two laws are similar, as Plaintiff suggests. See Atl. Mut. Ins. Co. v. Atlanta Datacom, Inc., 139 F.3d 1344, 1345-46 (11th Cir. 1998) (per curiam). The holding in Atlanta Datacom undercuts Plaintiffs' 29 U.S.C. § 1132(g)(1) arguments and therefore the Court did not choose to analyze the cross-motions for summary judgment through Plaintiffs' incorrect framework.

Plaintiffs assert that the Court misinterpreted the fourth element of malicious prosecution under Martin v. O'Daniel, 507 S.W.3d 1 (Ky. 2016). This element requires that the malicious prosecution proceeding must be terminated in favor of the person against whom it was brought. Plaintiffs attempt to clarify their previous argument in that they assert that an action must have terminated in Mass. Life's favor before they could

conceivably have a right to sue for malicious prosecution. Dkt. No. 55-1. However, this is exactly what occurred in the underlying lawsuit. Mass. Life was granted summary judgment and then filed for attorney's fees. It is difficult to conceive how a grant of summary judgment is not a "termination" in favor of Mass. Life.

Plaintiffs also re-argue that even if this was a "termination," it was not on the "merits," because the case was dismissed on statute of limitations grounds. Plaintiffs rely heavily on Alcorn v. Gordon, which holds that a grant of summary judgment on the basis of the statute of limitations is not a "success on the merits" for malicious prosecution purposes. 762 S.W.2d 809, 811 (Ky. Ct. App. 1988). First, the Court reiterates that the underlying order at issue here plainly discussed the merits, under a heading aptly titled "Success On the Merits." Dublin Eye Assocs., 2014 WL 1217664, at *3-4. The Court would be hard-pressed to deny that the underlying order was a resolution on the merits when the judge who issued the decision clearly intended and labeled it to be just that.

Regardless, the Court applied the revised elements set forth by Kentucky's highest court in Martin, not those set out by its intermediate court in Alcorn. These revised elements simply require that the "proceeding be terminated in favor of the accused," not that this termination be on the merits.

AO 72A
(Rev. 8/82)

Martin, 507 S.W.3d at 11. In fact, the Martin decision seems to reject the notion that a decision needs to be "on the merits." For example, the Court specifically stated that the old elements[1] as applied by Alcorn were in "need of revision." Id. at 8.

Finally, Plaintiffs argue that the Court inappropriately found a fact question regarding malice. Dkt. No. 55-1 p. 17. Plaintiffs argue that the issue of whether the action in the underlying lawsuit constitutes malicious prosecution is an issue of contract construction and therefore must be decided by the Court. However, contract construction is not the issue here. Instead, the issue is whether Defendant's actions in the underlying lawsuit support the elements of malicious prosecution or not. Under Kentucky law, malice is typically decided by the fact-finder at trial. Martin, 2016 WL 5244518, at *3. Plaintiffs also misunderstand what the fact-finder's role would be. The Court does not, as Plaintiffs suggest, task the fact-finder with interpreting the Eastern District of Kentucky's ruling. Instead, the fact-finder will apply Kentucky law to Defendant's conduct and decide whether Defendant acted with

---

[1] The parties argue over whether or not Alcorn has been overruled. While Martin makes no mention of Alcorn, it expressly abrogates Raine v. Drasin, 621 S.W.2d 895, 899 (Ky. 1981), which is the basis of Alcorn's analysis. Alcorn also relies heavily on a comment to Restatement (Second) of Torts § 653. The Kentucky Supreme Court appears to have considered this section in a fair amount of detail in Martin, yet made no mention of this comment, nor the "on the merits" requirement. Martin, 507 S.W.3d at 11. As such, while the Court cannot say whether or not Martin overrules Alcorn, the Martin decision certainly shakes Alcorn's foundation.

malice or not. See id. As such, Plaintiffs' arguments on this motion for reconsideration fail, and the motion will be denied.

## CONCLUSION

For the reasons stated above, Plaintiffs' Maryland Casualty Company and Foremost Signature Insurance Company's Partial Motion for Reconsideration (Dkt. No. 55) is **DENIED**.

**SO ORDERED**, this 30th day of June, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA