IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ZURICH AMERICAN INSURANCE          *
COMPANY, as successor by merger    *
to Maryland Casualty Company;      *
and FOREMOST SIGNATURE             *
INSURANCE COMPANY,                 *
                                   *
        Plaintiffs,                *
                                   *
             v.                    *          CV 315-081
                                   *
DR. JAMES Y. JONES,                *
                                   *
        Defendant.                 *

---

**O R D E R**

---

Presently before the Court is Plaintiffs' motion for
summary judgment. (Doc. 93.) The Clerk of Court gave Defendant
timely notice of the summary judgment motion and the summary
judgment rules, of the right to file affidavits or other
materials in opposition, and the consequences of default. (Doc.
94.) Therefore, the notice requirements of Griffith v.
Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam),
have been satisfied. Defendant filed a response in opposition,
and Plaintiffs filed a reply in support. (Docs. 101, 106.) The
time for filing materials in opposition has expired, and the
motion is ripe for consideration. Upon consideration of the
record evidence, relevant law, and the parties' respective
briefs, Plaintiffs' motion is **GRANTED**.

# I. BACKGROUND[1]

At all times relevant to the instant lawsuit, Defendant was an employee, shareholder, and officer of Dublin Eye Associates, P.C. ("DEA") in Dublin, Georgia. (Pls.' Reply to Def.'s Resp. to Pls.' St. of Mat. Facts ("PRDRPSMF"), Doc. 106-1,[2] ¶¶ 1-2.)

---

[1] Federal Rule of Civil Procedure 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to *particular parts* of materials in the record." FED. R. CIV P. 56(c)(1)(A) (emphasis added); see also FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); FED. R. CIV. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it . . . ."). This Court's local rules further require that "in addition to the brief [in support of a motion for summary judgment], there shall be annexed to the motion a *separate*, short and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried." LR 56.1, SDGa (emphasis added). These local rules further provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by *a statement served by the opposing party*." Id. (emphasis added). Moreover, they require that "[e]ach statement of material fact *shall be supported by a citation to the record*." Id. (emphasis added). Because many of Defendant's denials and assertions, provided without citations to particular parts of materials in the record, are insufficient to satisfy his aforementioned obligations, these inadequately-supported denials and assertions need not be considered by the Court. See Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920-22 (7th Cir. 1994) ("[B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. The parties, in turn, bear a concomitant burden to identify the evidence that will facilitate this assessment. . . . [D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions. We have . . . repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." (citations omitted)); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Nevertheless, the vast majority of the facts upon which this Court relies upon in the instant opinion are undisputed; rather, the parties only dispute how the relevant law should be applied to those facts.

[2] (Compare with Def.'s Resp. to Pls.' St. of Mat. Facts, Doc. 101-1; and Pls.' St. of Mat. Facts, Doc. 93-2.)

In 1980, DEA established the Dublin Eye Associates Pension Plan (the "Plan"), for which Defendant served as a trustee. (Id. ¶¶ 5-6.)

On April 13, 2011, Defendant, *inter alia*, initiated a lawsuit in the United States District Court for the Eastern District of Kentucky (the "Underlying Court") for alleged improprieties committed by the life insurance company and its agents (the "Underlying Defendants") connected with the maintenance of the Plan, namely Dublin Eye Assoc., P.C., *et al.*, v. Mass. Mut. Life Ins. Co., *et al.*, Case No. 5:11-CV-00128 (E.D. Ky. 2013) (the "Underlying Lawsuit). (PRDRPSMF ¶ 33.) On July 12, 2013, the Underlying Court granted summary judgment against Defendant and the other plaintiffs in the Underlying Lawsuit. (Id. ¶ 58; see also Doc. 101-11.)

On August 12, 2013, the Underlying Defendants filed a motion requesting an award of their attorney's fees in the Underlying Lawsuit (the "Attorney's Fees Motion"). (PRDRPSMF ¶ 80; see also Doc. 26-2.) On March 24, 2014, the Underlying Court granted the Attorney's Fees Motion, based – at least in part – upon Defendant's conduct associated with the prosecution of the Underlying Lawsuit, but reserved determination of the actual amounts owed in connection therewith (the "Attorney's Fees Order"). (PRDRPSMF ¶ 81; see also Doc. 26-4.) On January 16, 2015, the Underlying Court entered judgment against

Defendant, *inter alia*, in the Underlying Lawsuit, which included a quantification of the attorney's fees award granted pursuant to the Attorney's Fees Order (the "Underlying Judgment"). (PRDRPSMF ¶ 82; Doc. 17-2.) On January 20, 2015, the Underlying Court entered an amended judgment (together with the Underlying Judgment, the "Underlying Amended Judgment"). (PRDRPSMF ¶ 83; Doc. 17-3.) In August 2015, the parties to the Underlying Lawsuit resolved the Underlying Amended Judgment through a confidential settlement agreement. (PRDRPSMF ¶ 84.)

From 2005 through 2013, DEA held liability insurance policies issued and renewed by Maryland Casualty Company ("MCC"). (PRDRPSMF ¶ 106; see also Docs. 17-4, 17-5, 17-6.) From 2013 through 2015, DEA held liability insurance policies issued and renewed by Plaintiff Foremost Signature Insurance Company (together with the aforementioned policies issued by MCC, the "Policies").[3] (PRDRPSMF ¶ 107; see also Docs. 17-7, 17-8.) Notably, the Policies provide coverage for, *inter alia*, "personal and advertising injur[ies]", which the Policies define to include "injury, including consequential 'bodily injury', arising out of . . . [m]alicious prosecution[.]" (PRDRPSMF ¶ 110-11 (quoting Doc. 17-4, at 95, 104).) Notably, DEA obtained and maintained the Policies through DEA & Defendant's insurance

---

[3] Notably, Plaintiffs assert – and Defendant does not deny – that the Policies "contain substantially similar language" for all purposes material to the instant dispute and thus all future citations to the Policies will be to the initial policy issued by MCC. (See PRDRPSMF ¶ 107 n.3; see also id. ¶¶ 108-16.)

broker, Yates Insurance & Real Estate, Inc. (the "Insurance Agency"). (See id. ¶ 87; Def.'s Dep., Doc. 95-15, at 162-66; see also Docs. 17-4, 17-5, 17-6, 17-7, 17-8.)

On April 20, 2015, Defendant's counsel in the Underlying Lawsuit sent a letter to the Insurance Agency seeking "to submit a claim for coverage under one or more of the [P]olicies" in relation to the Underlying Amended Judgment. (See PRDRPSMF ¶ 103; Doc. 93-53; see also Doc. 106-6 (memo of conversation dated August 21, 2015 between DEA and Insurance Agency).) Plaintiffs received a copy of that letter on May 4, 2015. (PRDRPSMF ¶ 105; see also Doc. 93-54, ¶¶ 8-9.)

On September 29, 2015, Plaintiffs filed the instant action, seeking a declaratory judgment that Plaintiffs have no obligation to indemnify Defendant or the other plaintiffs to the Underlying Lawsuit in connection therewith. (Doc. 1.) On November 30, 2015, the defendants herein filed their answer and Defendant filed a counterclaim seeking a declaration that he is entitled to coverage under the Policies for the attorney's fees award entered in connection with the Underlying Lawsuit. (Doc. 8.) On February 10, 2016, Plaintiffs filed their amended complaint. (Doc. 17.) On April 4, 2016, the parties filed a consent motion to dismiss DEA from the instant action with prejudice, which the Court granted on April 5, 2016. (Docs. 24, 25.)

On April 27, 2016, Plaintiffs and the remaining defendants filed cross-motions for partial summary judgment, which the Court denied on March 23, 2017.[4] (Docs. 27, 29, 50.) On May 17, 2017, the remaining parties filed a consent motion to dismiss Dr. Roger D. Smith from the instant action with prejudice, which the Court granted on July 5, 2017; upon the dismissal of Dr. Smith from this litigation, only Plaintiffs and Defendant remain as parties hereto. (Docs. 62, 67.)

On March 26, 2018, Plaintiffs filed their instant motion for summary judgment.[5] (Doc. 93.) On July 20, 2018, the remaining parties filed a consent motion to substitute Plaintiff Zurich American Insurance Company ("ZAIC") for MCC on the grounds that "MCC has undergone corporate mergers which has resulted in MCC no longer existing as an operating entity and all of its interests being transferred to [ZAIC]," which this Court granted on July 24, 2018. (Docs. 107, 108.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court shall grant summary judgment "if the pleadings,

---

[4] On April 20, 2017, Plaintiffs moved for reconsideration of the denial of their motion for partial summary judgment, which the Court denied on June 30, 2017. (Docs. 55, 66.)
[5] On January 5, 2018, the Honorable Lisa Godbey Wood recused herself from the instant action. (See Doc. 87.)

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259, 1260 (11th Cir. 2004); FED. R. CIV. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record before the court] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment by demonstrating that there is indeed a genuine issue as to the material facts of its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of those material facts "is

'genuine' . . . [only] if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u>

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. <u>Matsushita</u>, 475 U.S. at 587. The Court must also avoid weighing conflicting evidence. <u>Anderson</u>, 477 U.S. at 255; <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934 (11th Cir. 1987). Nevertheless, the non-moving party's response to the motion for summary judgment must consist of more than conclusory allegations, and a mere "scintilla" of evidence will not suffice. <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990); <u>Pepper v. Coates</u>, 887 F.2d 1493, 1498 (11th Cir. 1989). "The non-moving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" <u>Bryant v. Dougherty Cty. Sch. Sys.</u>, 382 F. App'x 914, 917 (11th Cir. 2010) (citing <u>Shiver v. Chertoff</u>, 549 F.3d 1342, 1343 (11th Cir. 2008); <u>Anderson</u>, 477 U.S. at 249–50).

## III. DISCUSSION

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and

unambiguous terms."[6]  *Silva v. Liberty Mut. Fire Ins. Co.*, 808 S.E.2d 886, 888 (Ga. Ct. App. 2017) (citations and alterations omitted).  "To that end, a notice provision expressly made a condition precedent to insurance coverage is valid and must be complied with, absent a showing of justification.  Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, then the insurer is not obligated to provide either a defense or coverage.  Thus, failure to provide the requisite notice could result in a forfeiture under the policy."  *Id.* (internal quotations, citations, and alterations omitted).

## A. Notice is a Condition Precedent to Coverage

"The general rule is that a notice provision in an insurance policy is only considered a condition precedent to coverage if it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent." *Progressive Mountain Ins. Co. v. Bishop.*, 790 S.E.2d 91, 94 (Ga. Ct. App. 2016) (internal citations and alterations omitted). "Policy language that merely requires the insured to give notice of a particular event does not by itself create a condition

---

[6] In prior briefing, both parties agreed that Georgia law applies in this dispute. (See Doc. 29-1, at 6-7; Doc. 33, at 1-2.)  Moreover, both parties have assumed that Georgia law applies in their briefing. (See Docs. 93-1, 101, 106.)

precedent[, but a] general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent." Id.

Here, the Policies provide that "[y]ou must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim. . . . If a claim is made or suit brought against any insured, you must . . . [n]otify us as soon as practicable. You must see to it that we receive written notice of the claim or 'suit' as soon as practicable. . . . You and any other involved insured must: (1) [i]mmediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit; (2) [a]uthorize us to obtain records and other information; [and] (3) [c]ooperate with us in the investigation or settlement of the claim or defense against the suit . . . ."[7] (PRDRPSMF ¶ 115 (internal quotations omitted) (quoting Doc. 17-4, at 100).) The Policies further provide that "[n]o person or organization has a right under this Coverage Part . . . [t]o sue us on this Coverage Part unless all of its terms have been fully complied with." (Id. ¶ 116 (quoting Doc. 17-4, at 100).)

---

[7] The Policies define "you" and "your" as "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured." (PRDRPSMF ¶ 112 n.4 (quoting Doc. 17-4, at 90).) The Policies define "we", "us," and "our" as "the Company providing this insurance." (Id. ¶ 115 n.5 (quoting Doc. 17-4, at 90).)

Based upon the foregoing, the Court concludes that compliance with the Policies' notice provisions is a condition precedent to coverage. See Bramley v. Nationwide Affinity Ins. Co. of Am., 814 S.E.2d 770, 773 (Ga. Ct. App. 2018) (notice was condition precedent where policy required "the insured to 'submit written proof of the claim to [the insurer] immediately after the loss'" and "contain[ed] language that 'no legal action may be brought against the company concerning any of the coverages provided until the insured has fully complied with all the terms of the policy'" (citations omitted)); Burkett v. Liberty Mut. Fire Ins. Co., 629 S.E.2d 558, 560 (Ga. Ct. App. 2006) ("[N]otice [was] a condition precedent to coverage" where policy provided that the insurer "ha[d] no duty to provide coverage under th[e] policy unless there has been full compliance with the following duties: . . . A person seeking any coverage must promptly send us copies of any notices or legal papers received in connection with the accident or loss. . . . A person seeking Uninsured Motorists Coverage must also . . . [p]romptly send us copies of the legal papers if a suit is brought.").

## B. Notice was Untimely and Defendant's Delay was Unjustified

"The issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury. Unexcused significant delay, however, may be unreasonable as a

matter of law." <u>Silva</u>, 808 S.E.2d at 888 (internal quotations, citations, and alterations omitted). "Whether reasonableness can be decided as a matter of law, or whether it should remain in the province of the jury, depends on two factors: the sufficiency of the excuse, and the insured's diligence after any disability has been removed."[8] <u>Lathem v. Sentry Ins.</u>, 845 F.2d 914, 918 (11th Cir. 1988) (citing <u>S. Tr. Ins. Co. v. Clark</u>, 251 S.E.2d 823, 827 (Ga. Ct. App. 1978); and <u>Norfolk & Dedham Mutual Fire Ins. Co. v. Cumbaa</u>, 128 196 S.E.2d 167, 170 (Ga. Ct. App. 1973)); <u>see also</u> <u>Progressive Mountain Ins. Co. v. Cason</u>, 626 F. App'x 916, 919 (11th Cir. 2015) ("[T]here is no requirement under Georgia law that an insurer must show that it was prejudiced by an insured's failure to give timely notices." (citing <u>Se. Exp. Sys., Inc. v. S. Guar. Ins. Co. of Georgia</u>, 482 S.E.2d 433, 436 (Ga. Ct. App. 1997))). Indeed, "[a] significant delay . . . becomes unreasonable as a matter of law only when it is unexcused or unjustified." <u>OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah</u>, 477 F. App'x 665, 672 (11th Cir. 2012) (citing <u>Smith v. Se. Fid. Ins. Co.</u>, 365 S.E.2d 105, 107 (Ga. 1988); <u>Kay-Lex Co. v. Essex Ins. Co.</u>, 649 S.E.2d 602, 608 (Ga. Ct. App. 2007); and <u>Gibson v. Dempsey</u>, 306 S.E.2d 32, 33 (Ga. Ct. App. 1983)). "The insured has the burden of showing

---

[8] Notably, Defendant does not assert that any disability prevented him from complying with the Policies' notice provisions.

justification for a delay in providing notice." <u>Id.</u> at 670 (citing <u>Kay-Lex</u>, 649 S.E.2d at 606).

Here, the Underlying Lawsuit was initiated on April 13, 2011, the Attorney's Fees Motion was filed on August 12, 2013, the Attorney's Fees Order was entered on March 24, 2014, and the Underlying Amended Judgment was entered on January 20, 2015. (PRDRPSMF ¶¶ 33, 80-83 (citing Docs. 8; 17; 17-2; 17-3; 26-2; 26-4).) Defendant admits that he "did not personally contact Plaintiffs or any other insurance company to make a claim" regarding any of the aforementioned events; rather, he "just assumed that" the Insurance Agency "would have" - or "should have" - informed the Plaintiffs of a potential claim under the Policies. (<u>Id.</u> ¶¶ 97-98, 226, 230-33 (citations omitted); Def.'s Dep. at 94-97, 160, 184-86.) And while Defendant informed the Insurance Agency in September 2013 "there was every possibility that [he] would be having to file a claim if there was any coverage there" and in mid-2014 of his intention to file a claim under the Policies, Defendant admits he never actually directed the Insurance Agency to submit a claim under the Policies - or provided the Insurance Agency with any filings or other documents from the Underlying Lawsuit - until April 2015. (PRDRPSMF ¶¶ 94-95, 207-11, 217-221, 223-24 (citations omitted); Def.'s Dep. at 87-88, 92-94, 123-25, 132-33, 136-41, 160; <u>see also</u> PRDRPSMF ¶¶ 102-04; Doc. 93-51, at 64-66; Doc. 93-53; Doc.

93-57, at 34-36.) Defendant further admits that Plaintiffs did not receive notice of the Underlying Lawsuit, the Attorney's Fees motion, the Attorney's Fees Order, the Underlying Judgment, or the Underlying Amended Judgment until May 4, 2015. (PRDRPSMF ¶¶ 104-05 (citing Doc. 93-54, ¶¶ 8-9).) Defendant also admits that he had full access to the Policies, but asserts that he "delayed in filing a claim on [the Policies] with Plaintiffs because he understood from his [counsel in the Underlying Lawsuit] that there was no coverage under [the Policies] for the attorney's fees award" and that this "understanding regarding there being no coverage 'kind of squelched' [his] filing of a claim." (Id. ¶¶ 118, 212 (quoting Def.'s Dep. at 94).)

Defendant asserts that his communications with the Insurance Agency prior to May 2015 demonstrate a genuine dispute of material fact as to whether Plaintiffs received timely notice of the loss for which he now seeks coverage. Even ignoring Defendant's admission that he never forwarded any of the Underlying Lawsuit's filings or orders to the Insurance Agency, however, the Court disagrees. In Georgia, "[i]ndependent insurance agents or brokers are generally considered the agent of the insured, not the insurer." Kay-Lex, 649 S.E.2d at 607 (internal quotations omitted) (citing Se. Exp. Sys., 482 S.E.2d at 435). And while "[i]t is true that an insurance company could place a purported agent in a position of apparent

14

authority such that one might be justified in assuming that the agent had authority to receive notice of an occurrence or claim," id. (citing Se. Exp. Sys., 482 S.E.2d at 436), Defendant mistakenly relies almost entirely upon his own conduct – and the conduct of the Insurance Agency – in support of his assertions of the Insurance Agency's apparent authority.[9]   See Kinard v. Nat'l Indem. Co., 483 S.E.2d 664, 666-67 (Ga. Ct. App. 1997) ("To prove apparent or ostensible agency, the evidence must show: (1) the apparent principal represented or held out the apparent agent; and (2) justifiable reliance upon the representation led to the injury. . . . [W]here the only evidence that a person is an agent of another party is the mere assumption that such an agency exists, or an inference drawn from the actions of the apparent agent indicating that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." (internal quotations, citations, and alterations omitted)), aff'd sub nom. Ross v. Stephens, 496 S.E.2d 705 (Ga. 1998).   Indeed, "neither the language of the policy nor anything stamped upon the face of the policy gave apparent authority to the independent [Insurance Agency] to receive the notice required to be given to the insurer[s], [Plaintiffs]." See Se. Exp. Sys., 482 S.E.2d at 435-36; cf. Intl. Indem. Co. v. Odom, 329 S.E.2d 307, 309 (Ga. Ct. App, 1985) (notice to independent

---

[9] (See Doc. 101, at 9-13.)

agent sufficient where policy stated that notice could be given to "your agent"). Further, it is undisputed that the Insurance Agency had no actual authority to receive notice on behalf of Plaintiffs. (See PRDRPSMF ¶ 96 (citing Doc. 93-50, ¶ 2.9 ("If policyholders or claimants notify [the Insurance Agency] of a claim, [the Insurance Agency] will direct the policyholder or claimant to promptly contact the [Plaintiffs] by telephone or Internet for filing claim notices and general handling of the claim.")).) And while Defendant asserts that Plaintiffs have previously allowed the Insurance Agency to "gather[]" and "submit[]" claims and premium payments on behalf of other insureds in other cases (doc. 101, at 12-13), Defendant provides no evidence that he in fact relied – let alone justifiably relied – upon those prior instances in assuming that his communications with the Insurance Agency would constitute notice to Plaintiffs. See Kay-Lex, 649 S.E.2d at 607 ("[I]n order for the doctrine of apparent agency to apply, the claimant must also show justifiable reliance on the representation of agency."); Kinard, 483 S.E.2d at 666. Also, "without an actual or apparent agency relationship between [the Insurance Agency] and [Plaintiffs], [Defendant] was not authorized to rely on any statements" the Insurance Agency may have made to him regarding its authority. Kay-Lex, 649 S.E.2d at 608. Accordingly, the

16

Insurance Agency had no authority – actual or apparent – to receive notice on behalf of Plaintiffs.

Because the Insurance Agency was not Plaintiffs' agent for the purpose of notice, any notice Defendant provided to the Insurance Agency cannot be imputed to Plaintiffs and therefore May 4, 2015 was the first time Defendant provided Plaintiff with: (i) notice of the loss or claim for which coverage is sought; and/or (ii) copies of the legal filings associated with the Underlying Lawsuit. (See PRDRPSMF ¶¶ 95, 104-05; see also Doc. 93-53; Doc. 93-54, ¶¶ 8-9.) Accordingly, regardless of which occurrence the Court considers to have initiated the countdown to Defendant's notice obligations,[10] Defendant was untimely in complying therewith as a matter of law – absent adequate justification. See, e.g., Cason, 626 F. App'x at 919 (thirteen-month delay unreasonable as a matter of law under Georgia law); Hathaway Dev. Co. v. Illinois Union Ins. Co., 274 F. App'x 787, 790-97 (11th Cir. 2008) (where policy required notice "as soon as practicable", four-, five-, and eight-month delays unreasonable as a matter of law under Georgia law); Protective Ins. Co. v. Johnson, 352 S.E.2d 760, 761 (Ga. 1987) ("[U]nexcused 17-month delay is unreasonable as a matter of law."); Burkett, 629 S.E.2d at 560 (one-year delay from filing

---

[10] i.e., the initiation and/or prosecution of the Underlying Lawsuit beginning April 13, 2011, the filing of the Attorney's Fees Motion on August 12, 2013, the entry of the Attorney's Fees Order on March 24, 2014, the entry of the Underlying Judgment on January 16, 2015, or the entry of the Underlying Amended Judgment on January 20, 2015.

of complaint seeking declaratory judgment unreasonable as a matter of law where there was "no fraud, overreaching, or other reason for [the insured's] delay"); Allstate Ins. Co. v. Walker, 562 S.E.2d 267, 268 (Ga. Ct. App. 2002) (one-year delay unreasonable as a matter of law where excuse for delay was insureds' misunderstanding that "their policy might afford coverage" for loss); Caldwell v. State Farm Fire & Cas. Ins. Co., 385 S.E.2d 97, 99 (Ga. Ct. App. 1989) (six-month delay from service of summons and nine-month delay from incident unreasonable as a matter of law); Snow v. Atlanta Int'l Ins. Co., 354 S.E.2d 644, 645 (Ga. Ct. App. 1987) (six-month delay unreasonable as a matter of law where "insurance policy . . . required notice to be given as soon as practicable"); Diggs v. S. Ins. Co., 321 S.E.2d 792, 793 (Ga. Ct. App. 1984) (three-month delay unreasonable as a matter of law where insurance "policy required immediate notice and forwarding of all process if a claim or lawsuit was filed"); Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc., 209 S.E.2d 6, 10 (Ga. Ct. App. 1974) (four-month delay in forwarding court papers to insurer unreasonable); see also Munoz v. Pac. Ins. Co., 582 S.E.2d 207, 208 (Ga. Ct. App. 2003) (summary judgment for insurer appropriate where notice provided after entry of default or judgment against insured); Bramley, 814 S.E.2d at 773 ("The purpose of a notice provision in a policy of insurance is to

allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." (internal quotations and citations omitted)).

As justification for his delays in providing notice and sending documents related to the Underlying Lawsuit to Plaintiffs, Defendant asserts that the entry of an award of attorney's fees against him was unexpected and that he did not realize the Policies would provide coverage for the award of attorney's fees under the facts of the Underlying Lawsuit. (See Doc. 101, at 13-17.) Yet "beliefs or misunderstandings about coverage" are insufficient to relieve an insured of their duty to provide prompt notice; "[t]o hold otherwise would be contrary to the obvious intent of the [Policies], which was to require notice promptly after the occurrence of a covered event." See Geico Indem. Co. v. Smith, 788 S.E.2d 150, 151 (Ga. Ct. App. 2016) (internal quotations, citations, and alterations omitted)). Indeed,

> [i]f such common misunderstandings — which are the heart of every litigation dispute — or any other wrong idea germinated in the head of one party could alter such plain contract language as exists in this case, insurance law would be turned on its head. Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions. It is well settled that where no ambiguity in a policy of insurance exists, the courts must adhere to the

> contract made by the parties even if it is beneficial
> to the insurer and detrimental to the insured, for we
> must construe the contract as written and are not
> authorized to make a new contract different from the
> contract written and intended by the parties.

Id. (quoting Cotton States Mut. Ins. Co. v. Hipps, 481 S.E.2d 876, 878 (Ga. Ct. App. 1997)) (delay not justified where insured delayed in notifying the insurer "because her attorney initially 'felt that [the insurer's] uninsured motorist policy's coverage would not apply'"); see also Silva, 808 S.E.2d at 889-90 (delay not excused where "excuse for [the insured's] delay in notifying [the insurer] was that her counsel was unaware that [the insured] would need to utilize her" policy); Lankford v. State Farm Mut. Auto. Ins. Co., 703 S.E.2d 436, 440 (Ga. Ct. App. 2010) (ignorance of "right to submit a claim under the policy did not provide an excuse for the delay"); Allstate Ins., 562 S.E.2d at 268 (ignorance that "policy might afford coverage" for loss insufficient justification for delay in notifying insurer). This is particularly true where, as in this case, "[t]here is no evidence, indeed, not even an assertion, that the insured's ignorance of the terms of the subject insurance policy was due to any fraud or overreaching on the part of the insurer or its agents." Johnson, 352 S.E.2d at 761. "The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract." Id. (internal quotes, citations, and alterations omitted)).

Accordingly, the Court concludes that Defendant's proffered justification is insufficient to overcome his otherwise unreasonable delay in: (i) notifying Plaintiffs of the occurrence for which he now seeks coverage; or (ii) sending them legal papers received in connection with the Underlying Lawsuit. Therefore, Defendant's failure to satisfy these conditions precedent to coverage forfeits his entitlement to coverage under the Policies as a matter of law. Therefore, Plaintiffs are entitled to summary judgment.[11]

## IV. CONCLUSION

Based upon the foregoing and due consideration, Plaintiffs' motion for summary judgment (doc. 93) is **GRANTED**. The Clerk is directed to enter **JUDGMENT** in favor of Plaintiffs, **TERMINATE** all other pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this *6th* day of *September*, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[11] Because Plaintiffs are entitled to summary judgment for Defendant's failure to satisfy conditions precedent to coverage, the Court does not reach Plaintiffs' alternative arguments that: (i) Defendant is not an insured under the Policies; or (ii) the Policies do not provide coverage for the loss claimed by Defendant.